KURT A. FRANKE
Nevada State Bar No. 4102
LAW OFFICES OF KURT A. FRANKE
575 Mill Street
Reno, Nevada 89502
(775) 827-6100
kurt@lokaf.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA LOPER, as an individual and on behalf of her son, RODNEY S. LOPER, <br><br> Plaintiff, <br><br> vs. <br><br> BRANDON CREASON, an individual; KENNETH COOPER, an individual; TITAN CONSTRUCTORS, INC., a Nevada Corporation; and, DOES 1 through 100, inclusive. <br><br> Defendants. | Case No.: <br><br> COMPLAINT <br><br> **[JURY DEMANDED]** |

COMES NOW Plaintiff, NEVADA LOPER (hereinafter "Plaintiff" or "N. LOPER"), on behalf of herself and her deceased son, RODNEY S. LOPER ("DECEDENT"), by and through her attorney of record, Law Offices of Kurt A. Franke, who, for causes of action against Defendants, does hereby complain and allege as follows:

**FIRST CAUSE OF ACTION**

**(JURISDICTION AND VENUE)**

1. Jurisdiction in this matter is conferred in the United States District Court pursuant to 28 U.S.C. §1332(a).

2. At all times mentioned herein, Plaintiff was the natural mother of DECEDENT, and, pursuant to NRS 41.085, the heir and sole person with the right and cause of action for Wrongful Death arising from the death of DECEDENT.

3. N. LOPER is an individual residing in the State of Idaho.

3.	Defendant, BRANDON CREASON ("CREASON"), is an individual residing in the State of Nevada.

4.	Defendant, TITAN CONSTRUCTORS, INC. ("TITAN"), is a corporation organized and existing under the laws of the State of Nevada.

5.	Defendant, KENNETH COOPER ("COOPER"), is an individual residing in the State of Nevada, and, at all times mentioned herein, was President of TITAN and the registered owner of a 1990 Toyota 4Runner (the "VEHICLE").

6.	At all times mentioned herein, CREASON was an agent and employee of TITAN, and in doing the acts herein alleged was acting in the course and scope of said employment.

7.	Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive and, therefore, sues those Defendants by such fictitious names. Plaintiff is informed and believes said Defendants also have direct and indirect liability in this case, or are interested parties to this action, and that each of the Defendants were acting as the agent, assign, co-venturer, co-conspirator, employer, employee, or in similar relationship with each other Defendants, and in furtherance thereof, and in the course and scope of said employment, and, as such, DOES 1 through 100 are collectively and individually directly, vicariously and jointly liable.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

8.	The following allegations are based upon the statements and depositions given by CREASON, COOPER and WILLIAMS, all of which are incorporated herein by reference.

9.	On April 7, 2016, Plaintiff was a passenger in the VEHICLE, as it was being driven by CREASON.  As part of his job duties, CREASON was transporting Plaintiff and another TITAN employee, Dale Williams ("WILLIAMS"), from the TITAN job site at the Pan Mine Project (hereinafter, "PAN MINE") - approximately fifty (50) miles east of Ely, Nevada - to TITAN's cement mixing plant, located on McGill Highway, in Ely, Nevada.

10.	DECEDENT and WILLIAMS had finished work for the day and were sleeping in the VEHICLE while CREASON was responsible for driving them back to the Cement Plant.  At approximately 5:30 p.m., CREASON fell asleep while driving, veered off the roadway and rolled

1 the VEHICLE.  DECEDENT was killed as a result of the accident.

2       11.    The VEHICLE was registered to COOPER, owner and President of TITAN.  It had been used as a TITAN work truck almost daily, for years, to transport tools and workers to and from job sites and to perform work related duties at job sites.

      12.    On the morning of the INCIDENT, CREASON had been asked by his supervisor, COOPER, to transport DECEDENT, WILLIAMS and a number of TITAN's work tools to, and from, PAN MINE.  CREASON, DECEDENT and WILLIAMS had met either at COOPER'S home, where they picked up the VEHICLE and drove to the Cement Plant; or, they all met at the Cement Plant, where they loaded the workers and tools needed for PAN MINE into the VEHICLE.[1]  The tools loaded included, but were not limited to: an air impact wrench (or hammer); harnesses, shovels, hammers, wrenches, safety equipment and come-alongs, all of which were to be used for TITAN business at the PAN PROJECT.

      13.    On a normal morning, COOPER would have driven the VEHICLE filled with workers and tools to the PAN MINE.  By appointing CREASON to drive the VEHICLE, however, COOPER freed himself to drive a second TITAN rig, a "loader," also needed for the PAN MINE job.

      14.    At the end of their day at PAN MINE,  CREASON, LOPER and WILLIAMS loaded tools into the VEHICLE, assisted COOPER in loading a propane tank onto the TITAN loader and boarded the VEHICLE.  CREASON then drove the TITAN's tools and men from PAN MINE, while COOPER followed in the TITAN flatbed.

      15.    Approximately thirty (30) minutes into the drive, CREASON drove off the road, overcorrected and rolled the VEHICLE, causing LOPER to be partially ejected from the VEHICLE, which fell on top of him.  LOPER was later pronounced dead at the scene.

      16.    Though regularly used for TITAN's business, the VEHICLE was not equipped with emergency medical equipment, short wave radio or other devices to call for medical

---

[1]The stories of CREASON, WILLIAMS and COOPER are somewhat contradictory on the point.

3 COMPLAINT

assistance and, at the location of the accident, cell phones were inoperable.  It had, however, been modified as a TITAN work truck, which modification included, but were not limited to: a "transfer tank" (to fuel TITAN equipment that ran out of fuel at a job site); headache rack; extra lights; and a tool box.

17. In summary, the facts in this case support the following allegations:

    (a) CREASON had been instructed by his supervisor and company owner to drive the owner's pickup truck to the PAN MINE site;

    (b) at the instruction of his supervisor and company owner CREASON was transporting TITAN's work tools in the back of the VEHICLE from the PAN MINE site to the TITAN cement plant;

    (c) by driving the company pickup, CREASON enabled his supervisor and company owner to transport an additional work vehicle to the PAN MINE site;

    (d) CREASON's supervisor and company owner had instructed CREASON to drive the men and tools needed for the job to the PAN MINE site so that the owner could the VEHICLE driven by CREASON had been modified as a work truck for TITAN and was being used for that purpose;

## SECOND CAUSE OF ACTION

**(Negligence and Vicarious Liability Against All Defendants)**

18. Plaintiff hereby references and incorporates the allegations of Paragraphs 1 through 17 as if they were fully set forth herein.

19. At all times relevant hereto, Defendant CREASON, COOPER AND TITAN owed DECEDENT and Plaintiff a duty to exercise reasonable care in the operation of the VEHICLE so as to avoid harm to DECEDENT and others.

20. Defendants breached the aforementioned duties, thereby causing DECEDENT and Plaintiff to suffer foreseeable harm in the form of fatal injuries.

21. At all times referenced herein, CREASON was a driver employed by, and within the course and scope of his employment with, TITAN.

22. As a direct and proximate result of Defendants' breach of duty, DECEDENT died and Plaintiff subsequently incurred special damages in excess of Seventy Five Thousand Dollars ($75,000.00).

23. As a further result of Defendants' breach of duty, Plaintiff experienced general damages in excess of Seventy-Five Thousand Dollars ($75,000.00), including, but not limited to, mental anguish, emotional pain and suffering, loss of companionship, pain and suffering and other general damages.

### THIRD CAUSE OF ACTION

### (Negligence Per Se Against Defendants)

24. Plaintiff hereby references and incorporates the allegations of Paragraphs 1 through 23 as if they were fully set forth herein.

25. Defendants owed DECEDENT and Plaintiff a duty of care imposed by state and city statutory laws, including, but not limited to, Nevada Revised Statute 484C.430, 484.299 and 484.391.

26. Defendants breached and neglected these duties imposed by law, thereby causing fatal injuries and damages to DECEDENT and Plaintiff.

27. Said laws were enacted to protect individual citizens, other drivers and govern such conduct as alleged herein.

28. DECEDENT and Plaintiff were, and are, within the class of people said laws were intended to protect.

29. At all times referenced herein, CREASON was a driver employed by, and within the course and scope of his employment with, TITAN.

30. As a direct and proximate result of Defendants' breach of duty, DECEDENT died and Plaintiff incurred special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

31. As a further result of Defendants' breach of duty, DECEDENT and Plaintiff experienced general damages in excess of Seventy-Five Thousand Dollars ($75,000.00), including, but not limited to, mental anguish, emotional pain and suffering, loss of

companionship and other general damages.

## FOURTH CAUSE OF ACTION

**(Negligent Entrustment Against TITAN and COOPER)**

32. Plaintiff hereby references and incorporates the allegations of Paragraphs 1 through 31 as if they were fully set forth herein.

33. At all times mentioned herein, Defendants COOPER and TITAN had a duty to exercise due care in the entrustment of his VEHICLE to other drivers.

34. Defendants breached the above standard of care.

35. As a direct and proximate result of Defendants' breach of duty, DECEDENT died and Plaintiff incurred special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

36. As a further result of Defendants' breach of duty, Plaintiff experienced general damages in excess of Seventy-Five Thousand Dollars ($75,000.00), including, but not limited to, mental anguish, emotional pain and suffering, loss of companionship and other general damages.

## FIFTH CAUSE OF ACTION

**(Negligent Hiring, Training and Supervision Against TITAN)**

37. Plaintiff hereby references and incorporates the allegations of Paragraphs 1 through 36 as if they were fully set forth herein.

38. At all times mentioned herein, Defendant, TITAN, owed DECEDENT and Plaintiff a duty of care to exercise reasonable care and discretion in the hiring, training and supervision of its employees.

39. Defendant breached the above standard of care by hiring CREASON and failing to adequately vet, train and supervise CREASON.

40. Defendant's breach of duties caused fatal injuries to DECEDENT and damages to Plaintiff.

41. As a direct and proximate result of TITAN's breach of duties, DECEDENT died and Plaintiff incurred special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

42. As a further result of TITAN's breach of duties, Plaintiff experienced general damages in excess of Seventy-Five Thousand Dollars ($75,000.00), including, but not limited to, mental anguish, emotional pain and suffering, loss of companionship and other general damages.

## SIXTH CAUSE OF ACTION

**(Vicarious Liability against TITAN)**

43. Plaintiff hereby references and incorporates the allegations of Paragraphs 1 through 42 as if they were fully set forth herein.

44. At all times mentioned herein, CREASON was employed by and under the supervision and control of COOPER and TITAN.

45. At all times relevant hereto, CREASON was acting within the course and scope of his employment.

46. Defendant TITAN is vicariously liable for the negligent actions of Defendant CREASON.

47. As a direct and proximate result of Defendants' breach of duties, DECEDENT died and Plaintiff incurred special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

48. As a further result of Defendants' breach of duties, Plaintiff experienced general damages in excess of Seventy-Five Thousand Dollars ($75,000.00), including, but not limited to, mental anguish, emotional pain and suffering, loss of companionship and other general damages.

## SEVENTH CAUSE OF ACTION

**(Wrongful Death Against All Defendants)**

49. Plaintiff hereby references and incorporates the allegations of Paragraphs 1 through 48 as if they were fully set forth herein.

50. Defendants' breaches of duties outlined above directly and indirectly caused DECEDENT's death.

51. As a direct and proximate result of Defendants' breaches of duties, DECEDENT and Plaintiff incurred special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

52. As a further result of Defendants' breach of duties, Plaintiff experienced general damages in excess of Seventy-Five Thousand Dollars ($75,000.00), including, but not limited to, mental anguish, emotional pain and suffering, loss of companionship and other general damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1. For special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
2. For general damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
3. For attorneys' fees and costs.
4. For prejudgment and post-judgment interest on all sums awarded, according to proof, at the maximum legal rate.
5. For such other and further relief as the Court may deem just and proper.

### ON THE SECOND CAUSE OF ACTION

1. For special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
2. For general damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
3. For attorneys' fees and costs.
4. For prejudgment and post-judgment interest on all sums awarded, according to proof, at the maximum legal rate.
5. For such other and further relief as the Court may deem just and proper.

### ON THE THIRD CAUSE OF ACTION

1. For special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
2. For general damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
3. For attorneys' fees and costs.
4. For prejudgment and post-judgment interest on all sums awarded, according to proof, at the maximum legal rate.
5. For such other and further relief as the Court may deem just and proper.

### ON THE FOURTH CAUSE OF ACTION

1. For special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
2. For general damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

3.  For attorneys' fees and costs.
4.  For prejudgment and post-judgment interest on all sums awarded, according to proof, at the maximum legal rate.
5.  For such other and further relief as the Court may deem just and proper.

### ON THE FIFTH CAUSE OF ACTION

1.  For special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
2.  For general damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
3.  For attorneys' fees and costs.
4.  For prejudgment and post-judgment interest on all sums awarded, according to proof, at the maximum legal rate.
5.  For such other and further relief as the Court may deem just and proper.

### ON THE SIXTH CAUSE OF ACTION

1.  For special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
2.  For general damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
3.  For attorneys' fees and costs.
4.  For prejudgment and post-judgment interest on all sums awarded, according to proof, at the maximum legal rate.
5.  For such other and further relief as the Court may deem just and proper.

### ON THE SEVENTH CAUSE OF ACTION

1.  For special damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
2.  For general damages in excess of Seventy-Five Thousand Dollars ($75,000.00).
3.  For attorneys' fees and costs.

////

////

////

4. For prejudgment and post-judgment interest on all sums awarded, according to proof, at the maximum legal rate.

5. For such other and further relief as the Court may deem just and proper

DATED this 30th day of March, 2018                    LAW OFFICES OF KURT A. FRANKE

/s/ KURT A. FRANKE
575 Mill Street
Reno, Nevada 89502
Phone: (775) 827-6100
Attorney for Plaintiffs